UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND WILLIAMS,<br><br>              Plaintiff,<br><br>   v.<br><br>GEICO GENERAL INSURANCE COMPANY and CCC INFORMATION SERVICES INCORPORATED,<br><br>              Defendants. | CASE NO. C19-5823 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY, DISMISS, OR STRIKE |

This matter comes before the Court on Defendant GEICO General Insurance Company's ("Geico") motion to stay pending appraisal or, alternatively; motion to dismiss and motion to strike. Dkt. 36. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 3, 2019, Plaintiff Raymond Williams ("Williams") filed a class action complaint against Geico and Defendant CCI Information Services Incorporated ("CCI") asserting claims for breach of contract, breach of the implied covenant of good

faith and fair dealing, violations of Washington's Consumer Protection Act ("CPA"), and civil conspiracy, and requested declaratory and injunctive relief. Dkt. 1. In general, Williams alleges that Geico unfairly valued his allegedly totaled vehicle in violation of certain provisions of the Washington Administrative Code. *Id.*

On October 28, 2019, Geico filed the instant motion requesting a stay pending a planned appraisal of Williams's vehicle or, in the alternative, moving to dismiss and strike. Dkt. 36. On November 18, 2019, Williams responded. Dkt. 39. On November 22, 2019, Geico replied. Dkt. 41.

## II.  DISCUSSION

### A.  Motion to Stay

A district court has the "power to stay proceedings" as part of its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay an action, courts must weigh competing interests that will be affected by the granting or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

In this case, Geico has failed to establish that a stay is warranted. Geico fails to establish any need for an indeterminate stay or any prejudice in litigating this matter while the parties participate in the appraisal process. Therefore, the Court denies Geico's motion on this issue.

### B. Motion to Dismiss

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In this case, Geico moves to dismiss Williams's claims for failure to state a claim. The Court, however, has rejected Geico's arguments in related cases on almost identical issues and claims. *See Lundquist v. First Nat'l Ins. Co. of Am.*, 18-5301-RJB, 2018 WL 3344791 (W.D. Wash. July 9, 2018) (breach of contract, breach of the duty of good faith and fair dealing, violation of the CPA, and requests for declaratory and injunctive relief); *Olberg v. Allstate Ins. Co.*, C18-0573-JCC, 2019 WL 2994665 (W.D. Wash. July 9, 2019) (civil conspiracy). Geico fails to establish any cognizable difference between Williams's claims and the claims in those cases. Therefore, the Court denies Geico's motion to dismiss for failure to state a claim.

**C.      Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation and quotation omitted). Rule 12(f) motions are generally "disfavored" because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Schwarzer, et al., *Federal Civil Procedure* § 9:375 (citing *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

In this case, Geico requests that the Court strike all allegations in the complaint that refer to gray-market vehicles. Dkt. 36 at 5–6. Geico has failed to establish that its or CCI's alleged use of a gray-market vehicle in evaluating claims is so immaterial that the references should be stricken. Therefore, the Court denies Geico's motion to strike.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Geico's motion to stay pending appraisal or, alternatively; motion to dismiss and motion to strike, Dkt. 36, is **DENIED**.

Dated this 27th day of February, 2020.

BENJAMIN H. SETTLE
United States District Judge