THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND WILLIAMS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY and CCC INFORMATION SERVICES INCORPORATED,<br><br>Defendants. | No. 3:19-cv-05823-BHS<br><br>CCC'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>NOTE ON MOTION CALENDAR:<br>August 21, 2020<br><br>Oral Argument Requested |

CCC's Mot. For Judgment on the Pleadings
(No. 19-cv-05823-BHS)

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  STATEMENT OF UNDISPUTED FACTS ...................................................................... 1

III. LEGAL STANDARD......................................................................................................... 4

IV.  ARGUMENT...................................................................................................................... 5

    A.  CCC Is Entitled To Judgment On the Pleadings On Plaintiff's CPA Claim Because There Are No Facts Plaintiff Could Put Forward To Prove The Elements Of The Claim ................................................................................................. 5

        1.  Plaintiff's CPA Claim Fails Because He Cannot Adduce Facts to Show He Was Injured ........................................................................................... 6

        2.  The CPA Claim Against CCC Also Fails For Lack Of Causation ............ 9

    B.  Plaintiff's Derivative Civil Conspiracy and Declaratory Injunctive Relief Claims Fail Because They Are Not Independent Claims................................................. 12

V.   CONCLUSION................................................................................................................ 12

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Alexander v. Wells Fargo Bank, N.A.*,
  No. C15-1274-RAJ, 2016 WL 5795279 (W.D. Wash. Mar. 4, 2016) ................................... 12

*Bainter v. United Pac. Ins. Co.*,
  50 Wn. App. 242 (1988) ........................................................................................... 7, 8, 9

*Beard v. Mighty Lift, Inc.*,
  224 F. Supp. 3d 1131 (W.D. Wash. 2016) ........................................................................ 10, 11

*Bisson v. Bank of Am., N.A.*,
  919 F. Supp. 2d 1130 (W.D. Wash. 2013) ........................................................................ 12

*Campeau v. Soc. Sec. Admin.*,
  575 F. App'x 35 (3d Cir. 2014) ........................................................................................ 11

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ........................................................................................................ 6

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*,
  132 F.3d 526 (9th Cir. 1997) ........................................................................................... 5

*Folweiler Chiropractic, PS v. Fair Health, Inc.*,
  No. 75864-1-I, 2018 WL 2684374 (Wash. Ct. App. June 4, 2018) ..................................... 10

*Genschorck v. Suttell & Hammer P.S.*,
  No. 12-cv-0615-TOR, 2013 WL 6118678 (E.D. Wash. Nov. 21, 2013) ............................... 9

*Gossen v. JPMorgan Chase Bank*,
  819 F. Supp. 2d 1162 (W.D. Wash. 2011) ........................................................................ 12

*Grocery Mfrs. Ass'n v. EPA*,
  693 F.3d 169 (D.C. Cir. 2012) ......................................................................................... 11

*Hamilton v. General Mills, Inc.*,
  No. 6:16-cv-382-MC, 2016 WL 4060310 (D. Or. July 27, 2016) ....................................... 8

*Hayes v. Wal-Mart Stores, Inc.*,
  725 F.3d 349 (3d Cir. 2013) ............................................................................................ 9

*Hosmer Holdings LLC v. Tong*,
  No. 79597-0-I, 2020 WL 627299 (Wash. Ct. App. Feb. 10, 2020) ...................................... 7

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–ii

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*,
   162 Wn.2d 59 (2007) ................................................................................................6, 10

*Inteum Co. v. Nat'l Univ. of Singapore*,
   No. C17-1252-JCC, 2018 WL 2317606 (W.D. Wash. May 22, 2018) ...................................12

*Keesling v. W. Fire Ins. Co.*,
   10 Wn. App. 841 (1974) ...........................................................................................................7

*Kochendorfer v. Metro. Prop. & Cas. Ins. Co.*,
   No. C11-1162-MAT, 2012 WL 1204714 (W.D. Wash. Apr. 11, 2012)....................................9

*Luckett v. State Farm Mut. Auto. Ins. Co.*,
   No. 2:19-CV-00170-RAJ, 2020 WL 1234437 (W.D. Wash. Mar. 13, 2020).........................11

*Malik v. Unifund CCR Partners*,
   No. C09-1389 MJP, 2009 WL 5197820 (W.D. Wash. Dec. 22, 2009) ....................................2

*McCalden v. Cal. Library Ass'n*,
   955 F.2d 1214 (9th Cir. 1990), *superseded by rule on other grounds as
   recognized in Harmston v. City & Cty. of San Francisco*, 627 F.3d 1273 (9th
   Cir. 2010) .................................................................................................................................5

*Meier v. Travelers Home & Marine Ins. Co.*,
   No. C15-0022RSL, 2015 WL 11571005 (W.D. Wash. Nov. 23, 2015)...................................9

*Merriman v. Am. Guar. & Liab. Ins. Co.*,
   198 Wn. App. 594 (2017) .........................................................................................................6

*Monsanto Co. v. Geertson Seed Farms*,
   561 U.S. 139 (2010)..................................................................................................................6

*Morgan v. Massachusetts Homeland Insurance Company*,
   69 N.E.3d 584 (Mass. App. Ct. 2017) ..................................................................................7, 8

*Nw. Laborers-Emps. Health & Sec. Tr. Fund v. Philip Morris, Inc.*,
   58 F. Supp. 2d 1211 (W.D. Wash. 1999)................................................................................12

*Panag v. Farmers Ins. Co. of Wash.*,
   166 Wn.2d 27 (2009) ................................................................................................5, 6, 7, 8, 9

*Point Ruston, LLC v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters &
   Joiners of Am.*,
   658 F. Supp. 2d 1266 (W.D. Wash. 2009)................................................................................4

*Reed v. Whitacre*,
   No. 36480-8-II, 2008 WL 4635914 (Wash. Ct. App. Oct. 21, 2008) .......................................6

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–iii

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
    442 F.3d 741 (9th Cir. 2006) ...................................................................................... 2

*Schnall v. AT&T Wireless Servs., Inc.*,
    171 Wn.2d 260 (2011) ............................................................................................... 10

*Shaulis v. Nordstrom Inc.*,
    120 F. Supp. 3d 40 (D. Mass. 2015) ........................................................................... 8

*Stanford v. Home Depot USA, Inc.*,
    No. 07-cv-2193-LAB (WMc), 2008 WL 7348181 (S.D. Cal. May 27, 2008) ............ 8

*Steele v. Extendicare Health Services, Inc.*,
    607 F. Supp. 2d 1226 (W.D. Wash. 2009) .................................................................. 7

*Sverdrup Corp. v. WHC Constructors, Inc.*,
    989 F.2d 148 (4th Cir. 1993) ...................................................................................... 9

*Val-U Constr. Co. v. Rosebud Sioux Tribe*,
    146 F.3d 573 (8th Cir. 1998) ...................................................................................... 9

*Veridian Credit Union v. Eddie Bauer, LLC*,
    295 F. Supp. 3d 1140 (W.D. Wash. 2017) ................................................................ 12

*Young v. Whidbey Island Bd. of Realtors*,
    96 Wn.2d 729 (1982) .................................................................................................. 9

**STATUTES**

9 U.S.C. § 9 .......................................................................................................................... 9

9 U.S.C. § 10 ........................................................................................................................ 9

9 U.S.C. § 11 ........................................................................................................................ 9

9 U.S.C. § 12 ........................................................................................................................ 9

RCW 19.86.090 ............................................................................................................... 5, 7

**RULES**

Fed. R. Civ. P. 12(c) .................................................................................................... 1, 4, 5

**REGULATIONS**

Wash. Admin. Code § 284-30-320 ..................................................................................... 2, 6

Wash. Admin. Code § 284-30-391 ............................................................................... *passim*

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–iv

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

**OTHER AUTHORITIES**

6 Wash. Prac., Wash. Pattern Jury Inst., Civ. 15.05 (7th ed.) ........................................................10

6A Wash. Prac., Wash. Pattern Jury Inst., Civ. 310.07 (7th ed.) ...................................................10

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–v

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant CCC Information Services Inc. ("CCC") hereby moves for judgment on the pleadings with respect to the Complaint of Plaintiff Raymond Williams ("Plaintiff"), Dkt. 1.

## I.     INTRODUCTION

Plaintiff claims that he was denied the actual cash value of his total loss vehicle when Defendant GEICO General Insurance Company ("GEICO") utilized a CCC valuation to determine the amount of his claim. Fatal, however, to Plaintiff's claims are the facts that (1) GEICO timely invoked the appraisal clause of Plaintiff's insurance policy with GEICO, (2) two appraisers—acting independently and without any reference to the CCC valuation—agreed on the value of Plaintiff's vehicle, and (3) GEICO paid that full amount to Plaintiff. Thus, Plaintiff has been offered the actual cash value of his vehicle as determined by two appraisers, consistent with both his policy with GEICO and Washington law. These facts, undisputed in the pleadings, conclusively demonstrate that Plaintiff has not suffered any injury, let alone an injury that was caused by the CCC valuation, both of which are essential elements of Plaintiff's Washington Consumer Protection Act ("CPA") claim against CCC. Because Plaintiff cannot prove that he suffered cognizable injury, CCC is entitled to judgment on the pleadings on the CPA claim, the derivative civil conspiracy claim, and the declaratory and injunctive relief claims.

## II.    STATEMENT OF UNDISPUTED FACTS

### A.    Washington Law Provides That Disputes Concerning Actual Cash Value May Be Resolved By Appraisal

1.    Washington law states that insurers may base cash settlements for total loss claims "on the actual cash value of a comparable motor vehicle." Wash. Admin. Code ("WAC") § 284-30-391(2).

2.    Washington law further provides that if the "claimant and the insurer fail to agree on the actual cash value of the loss vehicle and the insurance policy has an appraisal provision, either the insurer or the first party claimant may invoke the appraisal provision of the policy to resolve disputes concerning the actual cash value." *Id.* § 284-30-391(3).

CCC's Mot. For Judgment on the Pleadings
 (No. 3:19-cv-05823-BHS)

LATHAM&WATKINS<sup>LLP</sup>
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

**B.     CCC's Only Involvement With Plaintiff's Total Loss Claim Was The CCC Valuation**

3.  CCC is not an insurer and is not subject to Washington law governing insurers. (*See* Compl., Dkt. 1, ¶ 9; CCC Answer, Dkt. 37, ¶ 9; WAC § 284-30-320(8) (defining "Insurer").)

4.  CCC provides independent products and services to the automotive claims and collision industries, including—pursuant to contracts with insurers—valuations that reflect CCC's opinion as to the value of vehicles that insurance companies have declared a total loss. (*See* CCC Answer, ¶ 9.)

5.  At the time of the loss of his Cadillac in 2018, Plaintiff's Policy with GEICO included coverage for the total loss of a vehicle. (*See* Compl. ¶ 16.)

6.  The Policy stated that, in the event of a total loss, GEICO will pay for "the actual cash value of the property at the time of the loss."[1] (*See* GEICO Amended Answer ("GEICO Answer") Ex. B, Dkt. 47-1[2]; Compl. ¶ 29.)

7.  After the accident, GEICO determined that Plaintiff's vehicle was a total loss and provided Plaintiff a written settlement offer. (*See* Compl. ¶¶ 43–44, 46.)

8.  To assist in its evaluation of Plaintiff's claim, and pursuant to its contract with CCC, GEICO requested a valuation of Plaintiff's vehicle from CCC. (*See id.* ¶¶ 36–37; Dkt. 36, at 60–82 (Ex. 4, CCC ONE® Market Valuation ("CCC Valuation")).

9.  CCC provided a valuation expressing CCC's opinion that the value of Plaintiff's vehicle before the total loss was $7,057 before tax. (*See* CCC Valuation at 1–2, 9–13; *see also* Compl. ¶¶ 36, 45, 46.)

10. After CCC provided the CCC Valuation to GEICO, CCC had no further role in GEICO's negotiations and settlement with Plaintiff. (*See* Compl. ¶¶ 44–46, 48.)

11. Plaintiff received the CCC Valuation "when GEICO presented its proposed

---

[1] "Actual cash value" is "the fair market value of the loss vehicle immediately prior to the loss." WAC § 284-30-320.
[2] The Court may take judicial notice of court filings or public records or materials properly subject to judicial notice without converting the motion into one for summary judgment. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Malik v. Unifund CCR Partners*, No. C09-1389 MJP, 2009 WL 5197820, at *3 (W.D. Wash. Dec. 22, 2009) (taking judicial notice of six court filings).

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–2

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

valuation . . . together with a letter outlining the vehicle valuation and claim settlement offer based in part on . . . CCC's valuation." (*See id.* ¶ 46.)

12. On March 6, 2018, GEICO paid Plaintiff $6,364.96 for his loss vehicle, based on the vehicle's value and applicable sales tax, less Plaintiff's deductible and the retention amount of the vehicle. (*See id.* ¶ 46; Total Loss Settlement Explanation (GEICO Answer Ex. A.)

13. Plaintiff accepted the payment. (*See* Compl. ¶ 46.)

**C. Upon Learning Of A Dispute As To The Amount Of Loss, GEICO Demanded An Appraisal Pursuant To Plaintiff's Policy**

14. GEICO had no knowledge that Plaintiff disputed the amount it had paid until Plaintiff filed the Complaint in this action on September 3, 2019. (*See* GEICO Mot. to Stay, Dkt. 36, at 4; GEICO Answer Ex. C (Letter from I. Fisher to Plaintiff's Counsel).)

15. The Policy contains an appraisal provision that applies if GEICO and the insured cannot agree on the amount of loss. (*See* GEICO Answer ¶ 46, Dkt. 47; GEICO Answer Ex. B at 11 (GEICO-WILLIAMS000250).) The appraisal provision provides that each party is to select a "competent appraiser" to determine "the actual cash value and the amount of loss" and calls for an umpire if the appraisers cannot agree. (GEICO Answer Ex. B at 11) "An award in writing of any two will determine the amount of loss." (*Id.*)

16. Pursuant to Plaintiff's policy and in accordance with WAC § 284-30-391(3), on October 8, 2019, GEICO demanded an appraisal to resolve the dispute regarding the actual cash value of Plaintiff's vehicle. (*See* GEICO Answer ¶ 46; Answer Exs. C, D.)

17. On October 15, 2019, Plaintiff, through his attorney, agreed to participate in the appraisal process and retained an appraiser. (GEICO Answer ¶ 46.)

18. The parties' selected appraisers agreed that the Cadillac's value was $8,225.00. (*See id.* ¶ 46; GEICO Answer Ex. D, at 1–2, Ex. E (Award).)

19. CCC had no involvement in the appraisal, nor is there any evidence the appraisers based their valuations on the CCC Valuation. (*See generally* GEICO Answer Exs. C–G.)

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–3

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

**D.     GEICO Paid Plaintiff In Accordance With The Appraisal And The Policy**

20.     Following the appraisal, GEICO sent Plaintiff, through his counsel, a check for the amount of $1,269.62, calculated as follows:

| Appraised Value | $8,225.00 |
| --- | --- |
| + Tax | $715.58 |
| + Title Fee | $30.00 |
| - Deductible | ($500.00) |
| - Retention Amount | ($836.00) |
| - Amount GEICO Originally Paid | ($6,364.96) |
| **GEICO Payment Following Appraisal** | **$1,269.62** |

(*See* GEICO Answer ¶ 46; GEICO Answer Exs. F, G.)

21.     Plaintiff's counsel acknowledged receipt of the check but Plaintiff "rejected it . . . because he has not agreed to a settlement." (*See* Dkt. 49-1, at 2 (Letter from Plaintiff's Counsel).) Plaintiff has not disputed the amount of the appraisal.

22.     GEICO filed a motion to confirm the appraisal award. (Dkt. 48.) Plaintiff did not oppose the motion. (*See* Dkt. 50.)

23.     CCC and GEICO have answered and the pleadings are closed. CCC's Eleventh Affirmative Defense asserts that Plaintiff is barred from recovery to the extent his claims are settled through appraisal. (CCC Answer, at 31.) CCC's Fifteenth Affirmative Defense is that Plaintiff's claim may be barred to the extent he failed to mitigate damages and/or has caused some or all of the alleged damages of which he complains. (*Id.*) GEICO's Third Affirmative Defense is that the appraisal is definitive as to the amount of loss and bars Plaintiff's claims. (GEICO Answer at 12.)

**III.    LEGAL STANDARD**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment under Rule 12(c) is warranted where, as here, taking the allegations in the pleadings as true, no "material issue of fact" remains to be resolved, *Point Ruston, LLC v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters &*

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–4

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

*Joiners of Am.*, 658 F. Supp. 2d 1266, 1273–74 (W.D. Wash. 2009), and "the pleadings show that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (citation and internal quotation marks omitted). A complaint may be dismissed when the allegations give rise to an affirmative defense and the defense clearly appears on the face of the pleadings, including in an answer, associated exhibits, or judicially noticeable documents *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990), *superseded by rule on other grounds as recognized in Harmston v. City & Cnty. of San Francisco*, 627 F.3d 1273, 1279–80 (9th Cir. 2010).

## IV.   ARGUMENT

### A.   CCC Is Entitled To Judgment On the Pleadings On Plaintiff's CPA Claim Because There Are No Facts Plaintiff Could Put Forward To Prove The Elements Of The Claim

Judgment is warranted under Rule 12(c) on Plaintiff's CPA claim against CCC because there are no set of facts that could show Plaintiff was injured at all, let alone injured by CCC's valuation. To the contrary, as the pleadings demonstrate (and Plaintiff cannot dispute): (1) a valid and binding appraisal took place after Plaintiff challenged GEICO's total loss cash payment; (2) that appraisal was separate and independent of CCC's earlier valuation; (3) GEICO paid Plaintiff the *full actual cash value* that both its and Plaintiff's appraiser agreed upon; and (4) the appraisal and payment adhered to WAC § 284-30-391(3) and Plaintiff's policy. Because Plaintiff is entitled to receive only the actual cash value of his loss vehicle, and that is exactly what Plaintiff has received, there is no cognizable injury for which Plaintiff can seek legal redress under the CPA.

"The CPA's citizen suit provision states that '[a]ny person who is injured in his or her business or property' by a violation of the act may bring a civil suit for . . . damages, attorney fees and costs, and treble damages." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37 (2009) (quoting RCW 19.86.090). The CPA thus requires Plaintiff to prove "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–5

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

person's business or property, and (5) causation," *i.e.*, a causal connection between CCC's allegedly unfair or deceptive acts and Plaintiff's alleged injury. *Id.* at 37, 57; *see also Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 74 (2007). Put another way, Plaintiff must show his "property interest or money" was diminished because of CCC's allegedly unfair or deceptive practice.[3] *See Panag*, 166 Wn.2d at 57. Here, Plaintiff cannot show either, and CCC is therefore entitled to judgment on the pleadings.

### 1. Plaintiff's CPA Claim Fails Because He Cannot Adduce Facts to Show He Was Injured

Plaintiff's sole theory of injury is that GEICO underpaid his total loss claim in the first instance because it relied on CCC's valuation, which undervalued his vehicle by using a salvage vehicle as a comparable and applying an unjustified negative condition adjustment to the comparable vehicles. (*See, e.g.*, Compl. ¶¶ 46, 48.) Plaintiff disputed the amount GEICO originally paid, GEICO invoked appraisal in response, and GEICO paid Plaintiff the *full actual cash value* as determined and agreed to by the two appraisers.[4] Plaintiff thus cannot prove any fact to show that he was "'injured in his . . . business or property'" from any wrongdoing CCC is alleged to have earlier committed. *Panag*, 166 Wn.2d at 37 (citation omitted).

In *Reed v. Whitacre*, No. 36480-8-II, 2008 WL 4635914, at *2 (Wash. Ct. App. Oct. 21, 2008), the Washington Court of Appeals ordered judgment in favor of a defendant auto insurance company on a claim it had violated the CPA by improperly denying a diminished value claim. Because the plaintiff had no evidence "that she, in fact, suffered an injury to her business or property[,]" the court held the defendant was "entitled to summary judgment as a matter of law." *Id.* at *3. Just this past February, the Washington Court of Appeals in *Hosmer Holdings LLC v.*

---

[3] To the extent Plaintiff bases his claims against CCC on a violation of insurance provisions in the WAC, *see, e.g.*, Compl. ¶¶ 76, 81, 85, CCC is entitled to judgment as a matter of law on its Third and Fourth Affirmative Defenses (Dkt. 37, at 29–30) because it is not an insurer and cannot be per se liable for such violations. *See, e.g.*, *Merriman v. Am. Guar. & Liab. Ins. Co.*, 198 Wn.. App. 594, 626–28 (2017) (affirming dismissal of per se CPA claim against defendant insurance adjuster because adjuster did not meet definition of "insurer" under WAC § 284-30-320(8)).

[4] For similar reasons, Plaintiff lacks standing under Article III, which requires a "concrete, particularized, and actual or imminent" injury that is "fairly traceable to [a] challenged action" by CCC. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)).

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–6

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

*Tong*, No. 79597-0-I, 2020 WL 627299 (Wash. Ct. App. Feb. 10, 2020), likewise rejected a CPA claim similar to Plaintiff's. The plaintiff in *Hosmer Holdings* claimed the defendants violated the CPA because they overstated the square footage of a commercial building, and the plaintiff overpaid for the building as a result. *See id.* at *6. The court, however, granted summary judgment to the defendants, finding that the plaintiff had failed to present evidence of injury because he had no evidence to show the property was actually worth less than he paid or that the seller would have accepted less. *See id.* at *6–7. Without proof of injury, the plaintiff's CPA claim failed. *See id.*[5]

This Court should reach the same result here. Even if CCC's valuation contained the errors Plaintiff alleges, Plaintiff cannot show that the actual value of his loss vehicle is greater than the actual cash value determined by the appraisers ($8,225) and paid to him by GEICO. The valuation that resulted from the appraisal is binding under the terms of the Policy, WAC § 284-30-391(3), and Washington law. *See, e.g.*, *Bainter v. United Pac. Ins. Co.*, 50 Wn. App. 242, 246 (1988) ("[W]hen an appraisal clause in an insurance policy is invoked, the award is conclusive as to the amount of loss."); *Keesling v. W. Fire Ins. Co.*, 10 Wn. App. 841, 845 (1974) ("An appraisal provision provides a method for establishing the dollar value of damage sustained."). Thus, just like the plaintiffs in *Reed* and *Hosmer Holdings*, Plaintiff has received all that he is entitled to receive and cannot prove that he was "'injured in his . . . business or property.'" *Panag*, 166 Wn.2d at 37 (quoting RCW 19.86.090); *see also Morgan v. Mass. Homeland Ins. Co.*, 69 N.E.3d 584 (Mass. App. Ct. 2017) (rejecting consumer act protection claim because court could not "discern how the plaintiff here was actually harmed by the use of the CCC report" where, despite lower CCC valuation, the insurer ultimately paid the plaintiff more than the CCC valuation).

Nor does it matter that the increased payment came as a result of the binding appraisal rather than in GEICO's first payment based on the CCC Valuation, as numerous cases illustrate. The court in *Morgan* considered this exact scenario. In that case, an insured claimed his insurance

---

[5] And in *Steele v. Extendicare Health Services, Inc.*, the court granted summary judgment to defendants, where plaintiffs had no evidence of any pecuniary loss. 607 F. Supp. 2d 1226, 1231–32 (W.D. Wash. 2009).

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–7

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

company violated the Massachusetts' consumer protection act because its original settlement offer was based on a CCC valuation that was too low. 69 N.E.3d at 598. After "basing its original offer on the lower CCC number," however, the defendant insurer "upwardly adjusted" the value of the plaintiff's vehicle using other sources, and the plaintiff received a check that reflected this upward adjustment. *See id.* The court in *Morgan*, therefore, concluded that it could not "discern how the plaintiff here was actually harmed by the use of the CCC report." *Id.* Similarly, in *Hamilton v. General Mills, Inc.*, the plaintiff alleged that he purchased cereal based on an alleged misrepresentation that it was gluten-free. *See* No. 6:16-cv-382-MC, 2016 WL 4060310, at *4–5 (D. Or. July 27, 2016). The court held that the plaintiff could not show she "suffered an ascertainable loss of money or property," because General Mills issued a refund program for the cereal in the ordinary course of business, which remedied any purported injury. *Id.* And in *Stanford v. Home Depot USA, Inc.*, the court held that the plaintiff could not establish injury to maintain his consumer protection claim because the evidence showed that he received the permit he claimed was withheld and a refund for the overcharge that he claimed to have paid. No. 07-cv-2193-LAB (WMc), 2008 WL 7348181, at *6–8 (S.D. Cal. May 27, 2008). As in these cases, GEICO's payment of the actual cash value of Plaintiff's loss vehicle vitiates any claim he might have had that he was injured by CCC's valuation.[6]

Further, Plaintiff has not alleged the appraisal process was biased, prejudiced or otherwise procedurally improper. *See Bainter*, 50 Wn. App. at 245–47 (affirming summary judgment of insured's action seeking an award other than that reached in binding appraisal). In Plaintiff's Policy with GEICO, Plaintiff and GEICO "contractually agreed that the valuation would be handled by experts, not by a judge or jury." *Meier v. Travelers Home & Marine Ins. Co.*, No. C15-0022RSL, 2015 WL 11571005, at *1 (W.D. Wash. Nov. 23, 2015); *see also* GEICO Answer Ex. B, at 11

---

[6] Allowing Plaintiff to continue to pursue his claim (including for "compensatory damages," Compl. at Prayer for Relief) also would undermine the CPA's injury requirements and improperly give him "a windfall," *Shaulis v. Nordstrom Inc.*, 120 F. Supp. 3d 40, 52 (D. Mass. 2015) (discussing similar concepts under Massachusetts law), because he has suffered no "diminished" value in business or property, *Panag*, 166 Wn.2d at 57.

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–8

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

(appraisal provision). Judicial intervention to overturn an appraisal award is appropriate only when "the fairness of the appraisal process is questioned by the insured through allegations of bias, prejudice, or lack of disinterestedness on the part of either an appraiser or the umpire." *Bainter*, 50 Wn. App. at 246; *Kochendorfer v. Metro. Prop. & Cas. Ins. Co.*, No. C11-1162-MAT, 2012 WL 1204714, at *2 (W.D. Wash. Apr. 11, 2012) (same). Plaintiff makes no such claim here.[7]

Finally, Plaintiff's refusal to accept the appraisal check from GEICO does not somehow revive his injury claim. To the contrary, Plaintiff had a duty to mitigate damages. *See, e.g.*, *Young v. Whidbey Island Bd. of Realtors*, 96 Wn.2d 729, 732 (1982) (explaining that CPA claimants must mitigated damages by using "such means as are reasonable under the circumstances to avoid or minimize the damages" and "cannot recover for any item of damage which could thus have been avoided"); *Genschorck v. Suttell & Hammer P.S.*, No. 12-cv-0615-TOR, 2013 WL 6118678, at *3 n.4 (E.D. Wash. Nov. 21, 2013) (explaining that in a CPA case, "the injured party has a duty to mitigate his damages by such means as are reasonable"); *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 361 n.10 (3d Cir. 2013) (holding Plaintiff lacked standing for injury despite refusing to accept refund). And Plaintiff's acknowledgment that accepting the payment would amount to a "settlement" of this litigation merely highlights that the payment made him whole. *See* Dkt. 49-1 (rejecting the payment "*because he has not agreed to a settlement*" (emphasis added)).

Accordingly, CCC is entitled to judgment as a matter of law on Plaintiff's CPA claim because there are no set of facts to show that he has suffered a cognizable injury.

### 2. The CPA Claim Against CCC Also Fails For Lack Of Causation

CCC is entitled to judgment in its favor on Plaintiff's CPA claim for the independent reason that Plaintiff cannot show any harm *caused by* CCC. *Panag*, 166 Wn.2d at 63–64. Even where

---

[7] The Federal Arbitration Act specifies a detailed process for seeking the modification, correction, or vacating of an arbitration award. *See* 9 U.S.C. §§ 9–12. Not only did Plaintiff give no indication whatsoever of any challenge to the award agreed to by the appraisers, but the FAA otherwise specifies that notice of any such challenge must be served within three months of such award, which was not done here. *Id.* § 12. The appraisal award is fully enforceable under federal law just as it is under Washington law. *See, e.g.*, *Sverdrup Corp. v. WHC Constructors, Inc.*, 989 F.2d 148, 154–56 (4th Cir. 1993); *Val-U Constr. Co. v. Rosebud Sioux Tribe*, 146 F.3d 573, 581–82 (8th Cir. 1998).

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–9

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

there is an injury, Washington law requires plaintiffs to prove that the alleged deceptive or unfair practice was the cause of the injury. As the Washington Supreme Court has held, this requires proof of proximate causation, which is a "cause which in direct sequence [unbroken by any new independent cause] produces the injury complained of and without which such injury would not have happened.'" *Indoor Billboard*, 162 Wn.2d at 81–82 (quoting 6A Wash. Prac., Wash. Pattern Jury Inst., Civ. ("WPI") 310.07 (7th ed.)) (alteration in original). The CPA causation element requires that a plaintiff establish both (1) cause in fact, *i.e.*, that "but for" the defendant's unfair or deceptive conduct, the plaintiff would not have been injured; and (2) legal causation, *i.e.*, that liability should attach as a matter of law given "policy considerations as to how far the consequences of a defendant's acts should extend" and "mixed considerations of logic, common sense, justice, policy, and precedent." *Beard v. Mighty Lift, Inc.*, 224 F. Supp. 3d 1131, 1136–37 (W.D. Wash. 2016). Washington courts have further explained that proximate causation is broken by intervening, superseding facts. A superseding cause is "a new independent cause" that breaks the chain of proximate causation between a defendant's conduct and the plaintiff's injury. *See Schnall v. AT&T Wireless Servs., Inc.*, 171 Wn.2d 260, 277–78 (2011) (quoting WPI 15.05). Courts typically find superseding causes where actions of a plaintiff or a third party are not reasonably foreseeable to the defendant and cause results that are outside "the ambit of hazards covered by the duty imposed upon the defendant." *Beard*, 224 F. Supp. 3d at 1137.

Here, Plaintiff alleges that the CCC Valuation caused GEICO to pay him less than he should have received. (*See, e.g.*, Compl. ¶¶ 3, 5–7, 49–53.) But this fundamentally ignores the fact that CCC's role in the settlement began and ended with the CCC Valuation—a fact Plaintiff admits—and everything that happened after was not "reasonably foreseeable" to CCC and therefore "too remote" to establish legal causation under the CPA. (*See id.* ¶¶ 45, 48.) *See also Folweilder Chiropractic, PS v. Fair Health, Inc.*, No. 75864-1-I, 2018 WL 2684374, *7 (Wash. Ct. App. June 4, 2018) (holding that even if the licensing of a healthcare data provider's database was the but-for cause of injury, the injury was "too remote" to support legal causation under the

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–10

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

CPA). After CCC sent the CCC Valuation *to GEICO*, GEICO based its settlement offer *to Plaintiff* "in part on . . . CCC's valuation." (*Id.* ¶¶ 45–46.) Plaintiff does not allege (and cannot show) that CCC has any knowledge about how GEICO ultimately decided what to offer. (*See id.*) Further, after GEICO sent the offer, GEICO and Williams could have communicated and negotiated over the offer—independently of CCC, which Plaintiff does not allege had *any* role at that stage. (*See id.*; *see also* GEICO Answer ¶ 46.) And once the dispute was submitted to appraisal pursuant to the Policy, GEICO and Plaintiff each chose an appraiser, and the appraisers determined the value of Plaintiff's vehicle. CCC had no role at that point either. (*See* GEICO Answer Exs. C–G.)

Further, and critically, the chain of causation was broken entirely by the superseding act of the appraisal and GEICO's subsequent payment. There is no allegation (nor could there be) that the appraisal relied on the CCC Valuation or was defective. (*See* GEICO Answer Exs. C–G.) In rejecting GEICO's post-appraisal payment, Plaintiff did not claim the value was incorrectly determined; he rejected it merely to avoid settling this lawsuit. (*See* Dkt. 49-1.) And to the extent Plaintiff attempts to claim he remains injured because he rejected the check from GEICO, that is a manufactured claim of injury that further breaks legal causation. *See, e.g.*, *Beard*, 224 F. Supp. 3d at 1136–37; *Campeau v. Soc. Sec. Admin.*, 575 F. App'x 35, 38 (3d Cir. 2014) (economic injuries attributable to a "purely voluntary decision" are not fairly traceable to alleged wrongful activities); *Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 177–78 (D.C. Cir. 2012) ("[S]elf-inflicted harm" is "not fairly traceable" to challenged conduct.). It is not "reasonably foreseeable" that an insured who receives a higher valuation for his vehicle after an appraisal from an appraiser of *his* choice would reject the higher valuation for no reason, much less to maintain a lawsuit. Thus, plaintiff cannot show that CCC's valuation caused him injury, and judgment should be entered for CCC for this reason as well.[8]

---

[8] For all these reasons, GEICO is entitled to judgment on the pleadings on the CPA and breach of contract and implied covenant of good faith and fair dealing claims. There is no material issue of fact that GEICO has fulfilled its obligation to Plaintiff to pay "the actual cash value of his property at the time of the loss." *Supra* Section II ¶ 1; *see, e.g.*, *Luckett v. State Farm Mut. Auto. Ins. Co.*, No. 2:19-CV-00170-RAJ, 2020 WL 1234437, at *4 (W.D. Wash. Mar. 13, 2020) (granting judgment on contract claims where plaintiff recovered full amount to which he was entitled under policy).

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–11

**B. Plaintiff's Derivative Civil Conspiracy and Declaratory Injunctive Relief Claims Fail Because They Are Not Independent Claims**

A civil conspiracy claim requires an underlying tort or statutory violation.[9] *See Gossen v. JPMorgan Chase Bank*, 819 F. Supp. 2d 1162, 1171 (W.D. Wash. 2011) ("Because the conspiracy must be combined with an unlawful purpose, civil conspiracy does not exist independently—its viability hinges on the existence of a cognizable and separate underlying claim."); *Nw. Laborers-Emps. Health & Sec. Tr. Fund v. Philip Morris, Inc.*, 58 F. Supp. 2d 1211, 1216 (W.D. Wash. 1999) ("A conspiracy claim fails if the underlying act or claim is not actionable."). Similarly, claims for declaratory and injunctive relief are not independent causes of action. *See Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1151 (W.D. Wash. 2017) ("Washington does not recognize a standalone claim for injunctive relief, but rather views an injunction as a form of relief available for some causes of action."); *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013) ("The Declaratory Judgment Act creates only a remedy, not a cause of action."); *Alexander v. Wells Fargo Bank, N.A.*, No. C15-1274-RAJ, 2016 WL 5795279, at *2 (W.D. Wash. Mar. 4, 2016) ("Because the court has dismissed plaintiff's only substantive cause of action as to NWTS, his claim for declaratory relief must be dismissed as well."). Accordingly, because CCC is entitled to judgment on the pleadings on the CPA claim, the Court should also enter judgment in CCC's favor on the civil conspiracy and declaratory and injunctive relief claims.

**V. CONCLUSION**

For these reasons, CCC respectfully requests that the Court enter judgment on the pleadings for CCC on Plaintiff's claims against CCC, and such additional relief as the Court deems just.

Dated: July 30, 2020                                    Respectfully submitted,

/s/ *Kathleen M. O'Sullivan*
Kathleen M. O'Sullivan, WSBA No. 27850
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900

---

[9] The civil conspiracy claim against GEICO is not viable to the extent it is premised on a breach of contract. *See Inteum Co. v. Nat'l Univ. of Singapore*, No. C17-1252-JCC, 2018 WL 2317606, at *3 (W.D. Wash. May 22, 2018) (explaining that courts limit wrongful or illegal actions for civil conspiracy to torts or statutory violations, and noting defendant pointed to no cases allowing a civil conspiracy claim "based purely on breach of contract").

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–12

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

Seattle, WA 98101
Telephone: 206.583.8888
Facsimile: 206.583.8500
Email: KOSullivan@perkinscoie.com

*/s/ Marguerite M. Sullivan*
Marguerite M. Sullivan (*pro hac vice*)
Jason R. Burt (*pro hac vice*)
**Latham & Watkins LLP**
555 11th Street NW, Suite 1000
Washington, DC 20004
Telephone: 202.637.2200
Email: marguerite.sullivan@lw.com
     jason.burt@lw.com

Kathleen P. Lally (*pro hac vice*)
**Latham & Watkins LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312.777.7005
Email: kathleen.lally@lw.com

Steven J. Pacini (*pro hac vice*)
**Latham & Watkins LLP**
200 Clarendon Street
27th Floor
Boston, MA 02116
Telephone: 617.880.4516
Email: steven.pacini@lw.com

*Attorneys for Defendant CCC Information Services Inc.*

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–13

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on July 30, 2020, I electronically filed the foregoing MOTION FOR JUDGMENT ON THE PLEADINGS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney(s) of record:

| | |
|---|---|
| Steve W. Berman<br>**Hagens Berman Sobol Shapiro LLP**<br>1301 2nd Avenue, Suite 2000<br>Seattle, WA 98101<br><br>Attorney for Plaintiff | John M. DeStefano<br>Robert B. Carey<br>Elizabeth T. Beardsley<br>**Hagens Berman Sobol Shapiro LLP**<br>11 West Jefferson Street, Suite 1000<br>Phoenix, AZ 85003<br><br>Attorneys for Plaintiff |
| Brian J Hembd<br>Daniel W Goldfine<br>Ian M Fischer<br>**Husch Blackwell LLP**<br>5060 N 40th Street, Suite 250<br>Phoenix, AZ 85018<br><br>Attorneys for Defendant GEICO General Insurance Company | Vanessa Soriano Power<br>**Stoel Rives**<br>600 University Street, Suite 3600<br>Seattle, WA 98101-3197<br><br><br><br>Attorneys for Defendant GEICO General Insurance Company |

Dated: July 30, 2020

*s/ Marguerite M. Sullivan*

Marguerite M. Sullivan
**Latham & Watkins LLP**
555 11th Street NW
Washington, DC 20004
Telephone: 202.637.2200
Facsimile: 202.637.2201
Email: marguerite.sullivan@lw.com

CCC's Mot. For Judgment on the Pleadings
(No. 3:19-cv-05823-BHS)–14

LATHAM&WATKINS LLP
555 11th St. NW, Ste. 1000
Washington, DC 20004
(202) 637-2200